**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHAD ASHLEY ALLEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No. 5:17-cv-207-MTT-CHW** |
| | : | |
| **Comm'r GREGORY C. DOZIER,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

## REPORT AND RECOMMENDATION

Before the Court is a motion for partial dismissal filed by Defendants Dozier, Sellers, Powell, Bishop, Davis, Cannon, Upton, Chatman, Logan, Shepard, and McCloud. (Doc. 34). Also before the Court is Defendant Bryson's motion to dismiss. (Doc. 46). As discussed below, it is **RECOMMENDED** that these motions be **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiff Chad Ashely Allen commenced this Section 1983 action while housed within Tier III or the Special Management Unit ("SMU") of the Georgia Diagnostic and Classification Prison. As of June 2018, Plaintiff is housed at Georgia State Prison. (Doc. 53).

On August 19, 2014, Plaintiff alleges he was transferred "without any prior notification or hearing" from Augusta State Prison to the SMU. (Doc. 12-1, p. 4). According to Plaintiff, this transfer was not based on any disciplinary infraction. (Doc. 12-1, p. 4). *But see* (Doc. 12-2, p. 1). Plaintiff further alleges that periodic "90 day classification hearing[s]," the first such hearing conducted on August 21, 2014, are "nothing more than a sham" because Plaintiff is not provided with prior notice, and because Plaintiff has never been provided with the grounds for his confinement within the SMU. (Doc. 12-1, pp. 4, 7). Based on these and other allegations

1

suggesting that conditions within the SMU are "the most restrictive conditions of confinement in the State of Georgia," the Court allowed Plaintiff to proceed on a due process claim. (Doc. 14, pp. 6–9). *Cf. Gumm v. Jacobs*, No. 5:15-cv-41 (MTT) (CHW).

The Court also allowed Plaintiff to proceed on a retaliation claim based on allegations that Plaintiff was labeled a security threat and was denied "any visitation or phone calls" after Plaintiff's family hired a lawyer, in November 2014, to "represent plaintiff in re … classification reviews, appeals and ultimate arbitrary assignment to the [SMU]." (Doc. 12-1, pp. 12–13). Plaintiff further alleges that he was "restricted … from having funds placed [in] his prison account, prevented … from receiving or purchasing [reading materials] including any and all religious or legal books," and that his mail, including legal mail, was "confiscated and either destroyed and/or opened and held for months." (Doc. 12-1, p. 13).

As relief, Plaintiff requests a transfer to general population conditions, "nominal damages" in specific dollar amounts, a declaration that his rights were violated, and an order requiring the Defendants to cease all retaliatory actions and to give Plaintiff "all procedural due process" at his periodic classification hearings. (Doc. 12-1, p. 18).

## ANALYSIS

In his motion to dismiss, Defendant Bryson asks for a full dismissal on the ground that Plaintiff's claims against Defendant Bryson are impermissibly based upon a theory of supervisory liability. (Doc. 46-1, pp. 3–4). Additionally, all of the Defendants ask for a partial dismissal on the ground that Plaintiff may not obtain much of the relief he requests. (Doc. 34-1, pp. 4–7; Doc. 46-1, p. 3).

### A. Supervisory Liability

It is **RECOMMENDED** that Defendant Bryson's request for a dismissal on grounds of supervisory liability be **GRANTED** as to Plaintiff's due process claim, but **DENIED** as to

2

Plaintiff's retaliation claim. "[T]o hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exits between the superior's actions and the alleged constitutional violation." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047–48 (11th Cir. 2014).

With regard to Plaintiff's due process claim, Plaintiff has not alleged facts suggesting that Defendant Bryson, the former Commissioner of the Georgia Department of Corrections, was either personally involved in the decision to place and keep Plaintiff within the SMU, or was otherwise "causally connected" to that decision. Rather, Plaintiff appears to name Bryson as a Defendant merely because Bryson's name appears on prison regulations pertaining to the SMU, *see* (Doc. 12-6, p. 1; Doc. 12-7, p. 1), and because Bryson, while Commissioner, was "responsible for all permitted and unpermitted actions of Dept. of Corrections officials and staff." (Doc. 12-1, p. 2). Because these allegations are insufficient to support a supervisory liability claim under Section 1983, Defendant Bryson's motion to dismiss should be granted as to Plaintiff's due process claim.

With regard to Plaintiff's retaliation claim, however, Plaintiff's allegations are sufficient to state a claim against Defendant Bryson. Plaintiff has alleged that Defendant Bryson was a member of "the security committee" that labeled Plaintiff a security threat, allegedly in retaliation for Plaintiff's hiring a lawyer. (Doc. 12-1, p. 13). This "security threat" designation resulted in the loss of privileges such as "visitation [and] store [privileges], phone calls," and the ability to receive funds and mail. (*Id.*). Liberally construed and accepted as true, these allegations by Plaintiff are sufficient to show that Defendant Bryson directly participated in the alleged retaliation. Accordingly, as to Plaintiff's retaliation claim, it is recommended that Defendant Bryson's motion to dismiss be denied.

### B.  Available Relief

All of the Defendants also request a partial dismissal on three grounds. First, the Defendants correctly note that Plaintiff may not seek damages from the Defendants in their official capacities under Section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989) ("officials acting in their official capacities are not 'persons' under § 1983"). Accordingly, insofar as Plaintiff seeks official capacity damages, his claims should be **DISMISSED**.

Second, the Defendants correctly note that Plaintiff may only obtain nominal damages in this action, as Plaintiff does not allege any physical injury. *See Brooks v. Warden*, 800 F.3d 1295, 1298 (11th Cir. 2015) (citing 42 U.S.C. § 1997e(e)). The question of what dollar amount constitutes "nominal damages" is not now at issue, although the amounts requested by Plaintiff appear to exceed the norm. *See, e.g.*, *Carey v. Piphus*, 435 U.S. 247, 267 (1978) ("nominal damages not to exceed one dollar …."). Accordingly, insofar as Plaintiff seeks compensatory or punitive damages, his claims should be **DISMISSED**.

Finally, the Defendants move for dismissal of Plaintiff's requests for injunctive relief. (Doc. 34-1, pp. 5–6). For two reasons, it is Recommended that this request be **GRANTED**, and that Plaintiff's requests for injunctive relief be **DISMISSED**. First, and as noted by the Defendants, the Prison Litigation Reform Act requires injunctive relief to be "narrowly drawn, [such that it] extends no further than necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff's claims, particularly his due process claim, relate to conditions within Tier III or the SMU at the Georgia Diagnostic and Classification Prison. While Plaintiff asks for a transfer to general population conditions, (Doc. 12-1, p. 18), that request is not narrowly drawn. Rather, Plaintiff's transfer to a moderately less restrictive prison environment would serve to correct the alleged violations of which Plaintiff complaints. Put differently, and as stated by the

Defendants, "a court-ordered transfer [to general population conditions] would go further than necessary to correct any alleged violation of law and would be a highly intrusive means of correction." (Doc. 34-1, p. 6).

Second, after the completion of the briefing cycle, Plaintiff informed this Court of his transfer out of the SMU and to a different prison, Georgia State Prison. (Doc. 53). "The general rule is that a prisoner's transfer … moots his [claim for] injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). This general rule applies in Plaintiff's case. Even if Plaintiff is now housed under Tier II conditions at Georgia State Prison, this Court previously held in a similar context that "[t]he difference in … Tier levels creates an inherently different interest." *Gumm v. Jacobs*, 2017 WL 4106240 (Jul. 20, 2017); *adopted by*, 2017 WL 4102742 (Sept. 15, 2017). In other words, the disparity between, on the one hand, Tier III conditions at the Georgia Diagnostic and Classification Prison, and on the other hand, Tier II conditions at other prisons like Georgia State Prison, is sufficiently pronounced as to foreclose the argument that Plaintiff faces a mere continuation of the wrongs alleged in this action. Accordingly, insofar as Plaintiff seeks to raise a due process claim or other type of claim relating to the conditions he now faces at Georgia State Prison, Plaintiff should raise those claims in a separate civil action. Furthermore, insofar as Plaintiff sought injunctive relief in this action, his requests for injunctive relief should be **DISMISSED as moot**.

## CONCLUSION

In summary, it is **RECOMMENDED** that the Defendants' motions to dismiss be **GRANTED in part and DENIED in part** such that: (1) Plaintiff's due process claim against Defendant Bryson be dismissed without prejudice, (2) Plaintiff's official capacity damages claims

be dismissed, (3) Plaintiff's requests for compensatory or punitive damages be dismissed, and (4) Plaintiff's requests for injunctive relief be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 29th day of June, 2018.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge

6